## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

**BOBBY E. RODDY,**

      **Plaintiff,**

**v.**                                      **Civil Action No.  5:07cv151**
                                               **(Judge Stamp)**

**WARDEN RUSTEMYER, et al,**

      **Defendants.**

## ORDER
## GRANTING APPLICATION TO PROCEED
## WITHOUT PREPAYMENT OF FEES

On November 26, 2007, the *pro se* plaintiff filed this civil action with the Court.  As well,

the plaintiff filed an Application for Leave to Proceed *in forma pauperis*, together with a Prisoner

Trust Account Statement, ledger sheets, and a  Consent to Collection of Fees from Trust Account.

28 U.S.C. § 1915 requires prisoners to pay the full filing fee, $350.00, when bringing a civil

action in forma pauperis.  28 U.S.C. § 1915 (b)(1) (1996).  If, however, insufficient funds exist in

the prisoner's account to pay the full filing fee at the time of filing, the court must assess and, when

funds exist, collect an initial filing fee of twenty percent (20%) of the greater of the average monthly

deposits to the prisoner's account or the average monthly balance in the prisoner's account  for the

prior six month period.  Id.  Thereafter, the prisoner is required to make monthly payments of twenty

percent (20%) of the preceding month's income.  Id.  The agency having custody of the prisoner

must forward payments from the prisoner's account to the Clerk of Court each time the amount in

the account exceeds $10.00 until the filing fee is paid in full.  Id.  When filing an application to proceed without prepayment of fees, the prisoner must submit an affidavit alleging that he is unable to prepay court filing fees.  The prisoner must  include a statement of all assets that a prisoner possesses and a certified copy of the trust fund account statement for the prior six-month period. 28 U.S.C. §1915 (a)(1) & (2).

Because it appears that insufficient funds exist in plaintiff's account to pay the full filing fee at this time, plaintiff's request to proceed without prepayment of fees is GRANTED.  Plaintiff' trust account statement reflects a negative balance of $10.84 as of October 26, 2007, and six month average monthly deposits of $21.50.  Accordingly, consistent with the provisions of 28 U.S.C. § 1915, this Court hereby ORDERS that:

1. A copy of this Order shall be forwarded to the Trustee Officer of the institution having custody of plaintiff along with a copy of the executed consent to collection of fees from trust account form.

2.  Based on plaintiff's trust account statement for the six-month period preceding the filing of this action, the Court will not require plaintiff to pay the initial partial filing fee as required by 28 U.S.C. § 1915(b)(1)(A), but he shall be assessed the total $350.00 filing fee.

3.  Pursuant  to the consent to collection of fees from trust account form  executed by Plaintiff, the Trustee Officer of the institution having custody of Plaintiff shall forward to the Financial Deputy Clerk, in the form of a check or money order payable  to "Clerk, U.S. District Court," P.  O.  Box 1518, Elkins, West Virginia 26241, 20% of the preceding month's income credited to the account toward the filing fee and shall forward such assessments to the Financial Deputy Clerk of Court in the form of a check or money order at the above-mentioned address each

time the amount in the account exceeds $10.00, until the full filing fee ($350.00) is paid. Payments shall be clearly identified with the name and number assigned to this action. At the time the filing fee is paid in full, the Financial Deputy of Court shall file with the Court a notice that the filing fee has been paid;

4.      Any recovery in this action will be subject to an applicable service of process fee assessed by the U.S. Marshal;

5.      Plaintiff shall notify the Clerk of Court immediately upon his transfer or release and shall provide a new address if known. FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE OF ADDRESS MAY RESULT IN DISMISSAL OF THIS CASE WITHOUT PREJUDICE;

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this Order to Plaintiff, to the Financial Deputy Clerk of Court, and to the Trustee Clerk of the institution having custody of Plaintiff.

DATED: February 13, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE