IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BOBBY E. RODDY,**
also known as **RUNNING COUGAR,**

        **Plaintiff,**

**v.**                                                     Civil action no. 5:07cv151
                                                                     (Judge Stamp)

**WORDEN RUSTEMEYER,**
**WILLIAM M. FOX, Warden,**
**TONY LEMASTER,**
**SANDY TANCYN,**
**LOUIS COKELY,**
**WILLIAM D. HALE,**

        **Defendants.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

This case was transferred to this court by the United States District Court for the Southern District West Virginia on November 26, 2007. On February 13, 2008, the plaintiff was granted leave to proceed *in forma pauperis*. This case is before the undersigned for initial review pursuant to LR PL P 83. 02, *et seq.*, and 28 U.S.C. §§ 1915 (e) And 1915A.

### II. THE COMPLAINT

The plaintiff's complaint has been docketed as a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. In a "Statement of Fact," attached to his form complaint, the plaintiff, who is a Native American, alleges that when he arrived at the state correctional facility located at St. Marys, unidentified personnel took his prayer pipe and gave him 15 days loss of privileges. Two weeks later,

1

they ordered him to mail his prayer pipe out of the facility. When he refused, they sent him to the hole, for thirty (30) days and also punished him with thirty (30) days loss of privileges . It would appear that he was transferred to another facility, and when he returned to St. Marys, they then told him he could keep his prayer pipe. The plaintiff also makes allegations that unnamed personnel only have allowed the Native Americans to have two meals in connection with their religious services  In addition, he alleges that although their feasts are suppose to be held outside, unnamed personnel  make them hold their feasts inside.  Conversely, the plaintiff alleges that unnamed personnel allow Kairos special services twice a year, which each involve a four day period and two meals each day. In addition, the plaintiff alleges that every write up that he has received while in the custody of the Division of Corrections has been connected in one way or another with his religious beliefs. Finally, the plaintiff alleges that on several occasions, St. Marys' postal workers have opened and tampered with outgoing and incoming legal mail.   As relief, the plaintiff asks that criminal charges be filed against the defendants.

### III.  STANDARD OF REVIEW

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b). the Court  is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  Complaints which are frivolous or malicious, must be dismissed.  28 U.S.C. § 1915(e).

A complaint is frivolous  if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 US 319, 325 (1989).  However, that Court must read *pro se* allegations in a liberal

2

fashion. Haines vs. Kerner, 404 U.S. 519, 520 (1972). A complaint filed in forma pauperis which fails to state a claim is not automatically frivolous. See, Neitzke, 490 U.S. at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez. 504 U.S. 25, 32 (1992).

### IV. ANALYSIS

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the pleading requirements of Rule 8 (a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal vs. Rowe Price-Fleming International, Inc., 248 Fed 3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

In the instant case, the plaintiff makes no specific allegations of a violation of any constitutional right against the above named defendants. In fact, other than placing their names in the style of the case, the plaintiff makes no further reference to any of these individuals in the materials which accompany the complaint. Instead, it appears the plaintiff has merely named these individuals in their official capacity as employees of the West Virginia Division of Corrections. However, official capacity claims "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation and quotations omitted). Therefore, suits against state officials in their official capacities should be treated as suits

---

[1] Id. at 327.

against the state. Id. at 16.  In order for the governmental entity to be a proper party of interest, the entities policy or custom must have played a part in the violation. Id. (citing Monell vs. New York City Department of Social Services, 436 US 658, 694 (1978)).

Here, the plaintiff fails to assert that a policy or custom of the entity played a part in the alleged violation of his constitutional rights. Accordingly, the plaintiff cannot maintain his claim against these defendants, and his case should be dismissed.

Furthermore, the undersigned notes that the sole relief that the plaintiff seeks is his request that criminal charges be filed against the defendants.  However, as a private citizen, the plaintiff "has no judicially cognizable interest" in the criminal prosecution of another. Otero v. United States Attorney Gen., 832 F.2d 1141 (11th Cir. 1987) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Cok v. Costentino, 876 F.2d 1, 2 (1st Cir. 1988) (a private citizen has no authority to initiate a criminal prosecution); Sattler v. Johnson, 857 F.2d 224, 226-27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted.)  Thus, this court has no authority to file criminal charges against an individual, nor can this court direct that criminal charges be filed.

### V.  MISCELLANEOUS MOTION

Currently pending before the court, is the plaintiff's Declaration for Entry of Default and Motion for Default Judgment.  Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default."   Here, the defendants have not been served with a copy of the complaint, and accordingly, no answer is required at this time.   Therefore, the plaintiff's motion for default is

4

premature and should be dismissed

## VI.  RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that this action be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. It is further recommended that the plaintiff's Declaration for Entry of Default (Doc. 17) and Motion for Default Judgment (Doc. 18) be **DENIED**. Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: October 2, 2008

                                               /s/ James E. Seibert
                                               JAMES E. SEIBERT
                                               UNITED STATES MAGISTRATE JUDGE