IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


BOBBY E. RODDY,
also known as RUNNING COUGAR,

        Plaintiff,

v.                                    Civil Action No. 5:07CV151
                                                         (STAMP)
WARDEN RUSTEMYER,
WILLIAM M. FOX, Warden,
TONY LEMASTER, SANDY TANCYN,
LOUIS COKELY and WILLIAM D. HALE,

        Defendants.


                **MEMORANDUM OPINION AND ORDER
                AFFIRMING AND ADOPTING REPORT AND
                RECOMMENDATION OF MAGISTRATE JUDGE**

                       I.  Background

    The pro se[1] plaintiff, Bobby E. Roddy, a/k/a "Running Cougar," filed a civil rights complaint against employees of the West Virginia Division of Corrections pursuant to 42 U.S.C. § 1983,[2] alleging that he was subjected to several civil rights violations while incarcerated at St. Marys Correctional Facility ("St. Marys"). The plaintiff asserts the following civil rights violations occurred: (1) when he arrived at St. Marys, unidentified personnel took his prayer pipe and gave him 15 days loss of privileges; (2) the plaintiff was ordered to mail his prayer pipe out of the facility, and when he refused, he was sentenced to 30

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

    [2]This civil action was transferred to this Court from the United States District Court for the Southern District of West Virginia on November 26, 2007.

days confinement in the Special Housing Unit and 30 days loss of privileges; (3) unnamed personnel allow Native Americans to have only two meals in connection with their religious services; (4) unnamed personnel force Native Americans to hold their religious feasts inside when such feasts are supposed to be held outside; (5) unnamed personnel allow Kairos special services twice a year; (6) every write-up that the plaintiff has received while in custody has been connected to his religious beliefs; and (7) St. Marys' postal workers have opened and tampered with incoming and outgoing legal mail. As relief, the plaintiff is requesting that criminal charges be filed against the defendants.

The case was referred to United States Magistrate Judge James E. Seibert for an initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation 83.02, et seq., 28 U.S.C. §§ 1915(e) and 1915A. The magistrate judge entered a report and recommendation that the plaintiff's complaint be dismissed with prejudice, and that the plaintiff's "Declaration for Entry of Default" and motion for default judgment both be denied. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections. For the reasons set forth below, the report and recommendation of the magistrate judge is affirmed and adopted in its entirety.

II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

III. Discussion

A. The Complaint

The magistrate judge, in his report and recommendation, recommended that this action be dismissed because the plaintiff fails to state a claim for which relief can be granted. This Court finds no clear error in the magistrate judge's recommendation.

Rule 8(a) of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v.

Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

A thorough review of the plaintiff's complaint reveals that the plaintiff fails to allege any specific constitutional violations committed by the above-named defendants as individuals. Rather, as noted by the magistrate judge in his report and recommendation, it appears that the plaintiff has named these individuals merely in their official capacity as employees of the West Virginia Division of Corrections. In an official-capacity suit, such as the one currently before this Court, however, a governmental entity is liable under § 1983 only when that entity's "'policy or custom' . . . played a part in the violation of federal law." Kentucky v. Graham, 473 U.S. 159, 166 (1985) (internal citations omitted). Here, the plaintiff does not assert that a policy or custom of the governmental entity played any part in the alleged violation of his constitutional rights. Accordingly, the plaintiff's § 1983 complaint must be dismissed.

Additionally, the magistrate judge recommended that the plaintiff's complaint be dismissed because this Court lacks authority to provide the plaintiff's requested relief. This Court agrees. In his § 1983 complaint, the plaintiff seeks as his only relief that criminal charges be filed against the defendants. However, "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. United States Attorney Gen., 832 F.2d 141, 141 (11th Cir. 1987) (per

curiam) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)). See also Sattler v. Johnson, 857 F.2d 224, 226-27 (4th Cir. 1988). Accordingly, this Court finds no clear error in the magistrate judge's recommendation to dismiss the plaintiff's § 1983 for failure to state a claim upon which relief can be granted.

B. "Declaration for Entry of Default" and Motion for Default Judgment

In regard to the plaintiff's "Declaration for Entry of Default" and motion for default judgment, the magistrate judge recommended that the plaintiff's motions be dismissed as premature. Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default." In this case, the defendants are not required to file an answer because they have not been served with a copy of the complaint. Accordingly, following review of the record and the parties' pleadings, this Court finds no clear error in the magistrate judge's recommendation to dismiss these motions as premature.

IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED

and ADOPTED in its entirety.  Accordingly, for the reasons set forth above, the plaintiff's § 1983 claim is DENIED and DISMISSED WITH PREJUDICE.  Furthermore, the plaintiff's "Declaration for Entry of Default" and motion for default judgment are also DENIED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights.  Thus, the plaintiff's failure to object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.  See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    March 2, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE